UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVAX PHARMACEUTICALS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL O. LEAVITT, et al. )<br>)<br>Defendants. )<br>) | Case No. 05-CV-2180-RWR |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO CONSOLIDATE CASES**

Plaintiff IVAX Pharmaceuticals, Inc. ("IVAX") has moved this Court for an Order pursuant to Federal Rule of Civil Procedure 42(a) consolidating this action with the related case captioned *Ranbaxy Labs. Ltd et al. v. Leavitt et al.*, Civil Action No. 1:05-cv-01838-RWR (the "Ranbaxy Action"). As explained herein, both actions concern common issues of law and fact—indeed, almost *identical* issues of law and fact—in that they both stem from the same final agency action embodied in the October 24, 2005 letter of Steven K. Galson, Director, Center for Drug Evaluation and Research, denying Citizen Petition 2005P-0008/CP1 filed by IVAX, and petition 2005P-0046/CP1 filed by Buc & Beardsley, on behalf of Ranbaxy Laboratories Ltd. (the "FDA Letter"). Moreover, the IVAX and Ranbaxy Citizen Petitions both concern their respective exclusive statutory rights to distribute different dosage forms of a generic form of the brand drug Zocor®(simvastatin).

**FACTUAL BACKGROUND**

The FDA Letter challenged in this action and the Ranbaxy Action reflected FDA's decision that IVAX was not entitled to a statutory period of generic exclusivity for 5-mg, 10-mg,

20-mg, and 40-mg strengths of simvastatin, and that Ranbaxy was not entitled to such exclusivity for 80-mg strength simvastatin. The FDA Letter further reflected FDA's conclusion that it had properly delisted U.S. Patent Nos. RE 36481 ('481 patent) and RE 36520 ('520 patent) from the *Approved Drug Products with Therapeutic Equivalence Ratings* (the Orange Book).

IVAX was the first to submit an abbreviated new drug application ("ANDA") containing a "paragraph IV" certification for a generic version of Merck and Company's brand-name drug Zocor® in the 5-mg, 10-mg, 20-mg, and 40-mg strengths. In its application, IVAX challenged two patents that Merck had listed as claiming Zocor®, the '481 patent and '520 patent, entitling IVAX to 180-day exclusivity for the 5-mg, 10-mg, 20-mg, and 40-mg dosage strengths. Ranbaxy, in turn was the first to submit an ANDA containing a "paragraph IV" certification for the generic version of Zocor® in the 80-mg strength.

Both Complaints allege that after IVAX and Ranbaxy filed their respective ANDAs, the Federal Defendants nullified their respective 180-day exclusivity periods. Further, the allegations in both complaints challenge precisely the same FDA actions.

The parties to the Ranbaxy action have agreed to an expedited briefing schedule. IVAX consents to abide by that briefing schedule.

**ARGUMENT**

Consolidation is appropriate for actions "involving a common question of law or fact." Fed. R. Civ. Pro. 42(a); *see also Baystate Health Sys. v. Thompson*, 254 F. Supp. 2d 80 (D.D.C. 2003). Consolidation is strongly favored to "alleviate needless duplication of time, effort, and expense on the part of the parties and the Court." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (internal quotations omitted). Consolidation here would alleviate the needless duplication that is unavoidable if these actions proceed separately. Both concern the identical facts as embodied in

2

the FDA Letter and both raise precisely the same issues of law.  Consolidation, therefore, is particularly appropriate "where, as here, the two cases involve review of the same underlying decision." *Biochem Pharma, Inc. v. Emory University*, 148 F. Supp. 2d 11, 13 (D.D.C. 2001).

Both plaintiffs seek orders setting aside the FDA Letter as contrary to law, an abuse of discretion, and arbitrary and capricious action.  Consolidation gives the Court the benefit of hearing the arguments of both parties who, by filing lawsuits regarding the 180-day exclusivity applicable to generic forms of Zocor®, have expressed their interest in the interpretation of those exclusivity provisions.  Consolidation thus ensures that the interests of all litigants are considered in fashioning any order affecting that exclusivity.

## CONCLUSION

For the foregoing reasons, this action should be consolidated with *Ranbaxy Labs. Ltd et al. v. Leavitt et al.*, Civil Action No.1:05-cv-01838-RWR (the "Ranbaxy Action") pursuant to Federal Rule of Civil Procedure 42(a).

Respectfully submitted,

HYMAN, PHELPS & MCNAMARA, P.C.
700 Thirteenth St. N.W., Suite 1200
Washington, D.C. 20005
202-737-5600
202-737-9329 (facsimile)
Robert A. Dormer, Bar no. 267641
Douglas B. Farquhar, Bar no. 386573

By: *Douglas B. Farquhar* (by John R. Fleder)
Douglas B. Farquhar

STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Suite 2200
Miami, FL 33130
(305) 789-3200
(305) 789-3395
Jay B. Shapiro (*pro hac vice* motion forthcoming)
Samuel O. Patmore (same)

Dated: November 7, 2005

4